FILED
2021 MAR 5 PM 1:56
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RENNSLI CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT C. WINBERG; COMBUSTION TECHNOLOGIES USA LLC; and BOOST PERFORMANCE PRODUCTS INC.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM**<br><br>Case No. 2:20-cv-00247-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Rennsli Corporation's ("Plaintiff") Motion to Dismiss Defendants Brett C. Winberg, Combustion Technologies USA LLC; and Boost Performance Products Inc.'s (collectively, "Defendants") Amended Counterclaim. ECF No. 30. Having reviewed the memoranda, the court denies Plaintiff's Motion to Dismiss.

## BACKGROUND

On June 14, 2011, U.S. Patent No. 7,959,693 (the "'693 Patent") was issued following the filing of provisional and international patent applications on November 18, 2005 and November 17, 2006, respectively. The '693 Patent is the result of experimentation to create a solid product that would "enhance the combustion of various types of fuel in internal combustion engines, thereby reducing knocking and increasing the amount of energy obtained from the fuels during combustion." ECF No. 2 ¶ 10. The solid product was created through combining ferrocene, "an economical and available compound for enhancing burn rate in fuels," with a "fuel soluble biphenyl as a carrier for the ferrocene" to make "a fuel soluble powder that could be readily

measured and mixed with fuel" and could also be "pressed into pellets, or pills, that could be easily handled by consumers." *Id.* ¶¶ 11–12.

Plaintiff filed a patent infringement claim against Defendants on April 13, 2020, claiming infringement and induced infringement of the '693 Patent. ECF No. 2. Defendants answered and asserted several affirmative defenses as well as a counterclaim seeking a declaration from the court that the '693 Patent is invalid "for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 111, 112 and 116." ECF No. 24 ¶ 10, at 11. Other than a statement incorporating previous paragraphs in their answer, Defendants made no further allegations related to their invalidity claim. *See id.* ¶¶ 9–10, at 11. Plaintiff moved to dismiss Defendants' counterclaim on June 15, 2020 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 28. In response, Defendants filed their Amended Counterclaim on July 6, 2020. ECF No. 29.

In their Amended Counterclaim, Defendants plead their invalidity claim through the following allegations:

> 10. The claims of the '693 Patent are anticipated and/or obvious in view of relevant prior art. For example, patent and non-patent literature publicly available prior to the conception, reduction to practice, and/or any applicable priority date for any of the claimed inventions of the '693 Patent disclose fuel additives and related compositions comprising ferrocene, biphenyl, and/or both ferrocene and biphenyl. Thus, the claims of the '693 [P]atent are invalid as either anticipated or because the claimed subject matter would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> 11. Additionally, on information and belief, the composition claimed by the '693 Patent was in public use or on sale in the United States for more than a year prior to the date of application for patent. Thus, the '693 Patent should not have been granted under the statutory bar because the invention was publicly disclosed, sold, or offered for sale more than

> one year prior to the earliest priority date of the patent application from which its '693 Patent issued.
> 12. The claims of the '693 Patent are invalid at least for failure to comply with one or more requirements of 35 U.S.C. §§ 102 and 103 in addition to other grounds for invalidity.
> 13. Pursuant to Rule 11(b)(3), the factual contentions regarding the invalidity of the '693 Patent are likely to have further evidentiary support after a reasonable opportunity for further investigation or discovery.

*Id.* ¶¶ 10–13, at 11–12. Plaintiff now moves to dismiss Defendants' Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6), arguing that Defendants' allegations still fail to state a claim under applicable pleading standards. ECF No. 30.

## LEGAL STANDARD

The Federal Circuit has explained that "[a] motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law," and so "the law of the regional circuit" applies to such a motion. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Although "the *Iqbal/Twombly* standard applies to 'all civil actions,' its applicability to patent cases has been interpreted differently among federal courts." *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1008 (D.N.J. 2016). This inconsistency stems from the December 2015 abrogation of Federal Rule of Civil Procedure 84 and related Form 18, which were previously used as guides for pleading patent claims and counterclaims.

Before December 2015, Rule 84 provided "for a limited number of official forms which may serve as guides in pleading." FED. R. CIV. P. 84, advisory committee's note to 1937 adoption (citations omitted). The advisory committee later emphasized that "the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they [were] drawn, and that the practitioner using them may [have relied] on them to that extent" in satisfying the requirements of Federal Rule of Civil Procedure 8(a). *See id.*, advisory committee note to 1946

amendment. As part of the Appendix of Forms, Form 18 provided a sample complaint for patent infringement. *McZeal*, 501 F.3d at 1356–57 (describing the contents of Form 18, then Form 16). "The language of Rule 84 and the Advisory Committee Notes ma[de] 'clear that a pleading, motion, or other paper that follow[ed] one of the Official Forms [could not] be successfully attacked.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (citation omitted). "Therefore, before December 2015, courts generally found patent claims and counterclaims pled using Form 18 sufficient to satisfy Rule 8's pleading requirements." *Hi-Tech Pharm., Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1335 (N.D. Ga. 2016) (citing *McZeal*, 501 F.3d at 1356–57). And "to the extent . . . parties argue[d] that *Twombly* and its progeny conflict[ed] with the Forms and create[d] different pleading requirements, the Forms control[led]." *In re Bill of Lading*, 681 F.3d at 1334 (citation omitted); *see also K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citations omitted).

Effective December 1, 2015, the Federal Rules of Civil Procedure were amended; Rule 84 was abrogated, along with the Appendix of Forms. FED. R. CIV. P. 84, advisory committee note to 2015 amendment. The advisory committee noted that "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." *Id.*

Since the abrogation of Rule 84 and the Appendix of Forms, courts have applied inconsistent pleading requirements to patent claims and counterclaims, with some applying the *Iqbal*/*Twombly* plausibility standard and others applying a more lenient notice pleading standard. The courts that apply the plausibility standard interpret the abrogation of Rule 84 as an elimination of the "safe harbor [from *Iqbal* and *Twombly*]" and the "alternative to Rule 8" that it provided, thereby triggering the application of "the pleading requirements set forth in Rule 8, as described

4

in *Iqbal* and *Twombly*." Hi-Tech Pharm., 230 F. Supp. 3d at 1335–36 (citations omitted) (noting that "after the forms were abrogated, courts have almost unanimously held that all patent claims and counterclaims are subject to the pleading requirements of *Iqbal* and *Twombly*" (citations omitted)); *see also, e.g.*, Summers Mfg. Co., Inc. v. Tri-Cty. AG, LLC, 300 F. Supp. 3d 1025, 1031 n.3 (S.D. Iowa 2017) ("[F]ollowing the abrogation of Federal Rule of Civil Procedure 84 and Form 18, the Court notes it would follow the growing number of district courts across the country applying the *Twombly* and *Iqbal* standard to claims and counterclaims of infringement, invalidity, and non-infringement." (citation omitted)); Tannerite Sports, LLC v. Jerent Enters., LLC, No. 6:15-cv-180, 2016 WL 1737740, at *2–10 (D. Or. May 2, 2016) (unpublished) (observing that, "[w]ith the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*," and applying the *Iqbal*/*Twombly* heightened pleading standard to a patent invalidity counterclaim).

In contrast, other courts have declined to apply the *Iqbal*/*Twombly* plausibility pleading standard to patent claims and counterclaims for a variety of reasons. Some courts have interpreted the advisory committee's note—"[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8"—to mean that the "previously existing standards" applicable to patent claims and counterclaims still govern despite the abrogation. *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-772, 2016 WL 199417, at *2 n.1, *2–3 (D. Nev. Jan. 15, 2016) (unpublished) (applying the Form 18 pleading standard in evaluating a motion to dismiss after the abrogation of Rule 84).[1] Other courts have declined to

---

[1] The court notes that *Hologram* has been discredited by other courts. *See, e.g.*, RAH Color Techs. LLC v. Ricoh USA Inc., 194 F. Supp. 3d 346, 350–52 (E.D. Pa. 2016) (recognizing *Hologram* as an outlier and applying the *Iqbal*/*Twombly* pleading standard to a patent invalidity counterclaim);

apply the *Iqbal*/*Twombly* pleading standard when local patent rules require more detailed disclosures regarding a patent invalidity claim. *See, e.g.*, *Myco Indus., Inc. v. BelphEx, LLC*, No. 19-cv-10645, 2019 WL 2339117, at *5–6 (E.D. Mich. June 3, 2019) (unpublished).

The Tenth Circuit has not established the applicable pleading standard for patent claims and counterclaims since the abrogation of Rule 84 and Form 18. The District of Utah has addressed the issue on a few occasions. For example, in *Modern Font Applications, LLC v. Peak Restaurant Partners, LLC*, the court noted the December 2015 abrogation of Rule 84 and Form 18 and applied the *Iqbal*/*Twombly* pleading standard to a patent infringement claim. No. 2:19-cv-221, 2019 WL 3781051, at *1–2 (D. Utah Aug. 12, 2019) (unpublished). Additionally, the court in *Beer Barrel, LLC v. Deep Wood Brew Products, LLC* found that "[t]he abrogation of Rule 84 mean[t] that the Rule 8 pleading standards as construed by the Supreme Court in . . . *Iqbal* . . . and . . . *Twombly* . . . govern in patent cases," and applied that heightened pleading standard to a patent invalidity claim. No. 2:16-cv-440, 2016 WL 5936874, at *3–6 (D. Utah Oct. 12, 2016) (unpublished) (citation omitted).

This court joins these District of Utah courts and the majority of other courts that have addressed this issue since the abrogation of Rule 84 and Form 18 in applying the *Iqbal*/*Twombly* heightened pleading standard to Defendants' counterclaim of patent invalidity. Accordingly, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where Defendants fail to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The court will "accept as true all well-pleaded factual allegations" in the counterclaim and view them in the light most

---

*Tannerite*, 2016 WL 1737740, at *3 (rejecting *Hologram*'s "abbreviated legal analysis" of patent pleading standards in part because the *Hologram* court failed to acknowledge that "a form that no longer exists can no longer control").

favorable to the Defendants as the counterclaimants. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). To survive a motion to dismiss, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). It must allege more than labels or legal conclusions, and its factual allegations "must be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.     Claims Under 35 U.S.C. §§ 102 and 103

In their Amended Counterclaim, Defendants allege that the '693 Patent is invalid under 35 U.S.C. §§ 102 and 103 "in addition to other grounds for invalidity." ECF No. 29 ¶ 12, at 12. Section 102 requires novelty as a condition for patentability and does not permit a claimed invention to be patented if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public" more than one year before the effective filing date of the patent. 35 U.S.C. § 102(a)(1), (b)(1). A patent claim under § 103 is invalid if "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103.

Defendants allege that the '693 Patent claims are anticipated and/or obvious in view of relevant prior art. ECF No. 29 ¶ 10, at 11–12. Defendants identify patent and non-patent literature that was publicly available prior to the inception of the '693 Patent which "disclose[d] fuel additives and related compositions comprising ferrocene, biphenyl, and/or both ferrocene and biphenyl" as the relevant prior art. *Id.* Defendants also allege that the '693 Patent's composition

was in public use or on sale in the United States for more than one year prior to the patent application date and thus fails to meet the statutory bar. *Id.* ¶ 11, at 12. Plaintiff argues that these allegations are insufficient to state a claim because they are merely conclusory allegations of invalidity unsupported by factual allegations or specific identifications of prior art. Defendants respond that their allegations meet the Rule 8 pleading requirements and that they have already identified and provided copies of relevant prior art in their initial disclosures, as required by the Local Patent Rules. The court considers each of these arguments.

II.     **Sufficiency of Defendants' Invalidity Counterclaim**

Both parties cite *Beer Barrel* in support of their positions. The court finds that *Beer Barrel* supports the denial of Plaintiff's Motion to Dismiss. The *Beer Barrel* court applied the *Iqbal*/*Twombly* pleading standard to a patent invalidity claim and found that a company had pleaded sufficient facts to state a claim under 35 U.S.C. §§ 102 and 103 and survive a motion to dismiss. 2016 WL 5936874, at *5–6. The company's invalidity claim "consist[ed] of factual allegations," such as an allegation that the design shown in the patents was "described and shown in printed publications and/or was otherwise available to the public" one year before the effective filing date of the patents. *Id.* at *6. Taking this allegation to be true, the court reasoned that this would mean that the patents were invalid. *Id.* The company also listed several patents that it alleged constituted prior art that invalidated the patents at issue. *Id.* The court found that the company's specific list of prior art could potentially invalidate the patents at issue under §§ 102 and 103. *Id.* The court did not dismiss the patent invalidity claim even though the amended complaint included some conclusory statements because the amended complaint "also include[d] enough factual allegations to plausibly state a claim for invalidity" and was not simply a "'laundry list of United States Code sections' on which the invalidity claim [was] based." *Id.* (citation omitted).

8

Here, the allegations in Defendants' Amended Counterclaim are likewise sufficient to state a claim of patent invalidity under §§ 102 and 103.[2] Defendants do not merely provide a "laundry list of United States Code sections" to assert their invalidity claim;[3] they make specific factual allegations. Defendants allege that the patent at issue "was in public use or on sale in the United States for more than a year prior to the date of application for patent." ECF No. 29 ¶ 11, at 12. A nearly identical allegation was sufficient in *Beer Barrel* to survive a motion to dismiss, and the court finds that the allegation is sufficient here to do the same. Though Defendants do not, as the company in *Beer Barrel*, list the specific patents constituting prior art, the court finds that Defendant's allegation of prior art that "disclose[s] fuel additives and related compositions comprising ferrocene, biphenyl, and/or both ferrocene and biphenyl" (ECF No. 29 ¶ 10, at 11–12) is sufficiently specific to survive a motion to dismiss. *See Tannerite*, 2016 WL 1737740, at *5–8 (denying motion to dismiss patent invalidity counterclaim when defendant alleged that "plaintiffs made public use of and/or placed on sale the Patents-In-Suit" and "developed, used, and sold" the claimed invention more than one year prior to the effective application dates). *Contra RAH Color*, 194 F. Supp. 3d at 351 (dismissing patent invalidity counterclaim when defendant merely pleaded that the claims at issue were "invalid for failure to satisfy one or more of the conditions of

---

[2] One of Defendants' allegations is that "[p]ursuant to Rule 11(b)(3), the factual contentions regarding the invalidity of the '693 Patent are likely to have further evidentiary support after a reasonable opportunity for further investigation or discovery." ECF No. 29 ¶ 13, at 12. Because a motion to dismiss evaluates the sufficiency of factual allegations in a complaint, the court does not consider the anticipated fruits of discovery in evaluating this motion.

[3] Although Defendants make the conclusory allegation that the '693 Patent's claims "are invalid at least for failure to comply with one or more requirements of 35 U.S.C. §§ 102 and 103 in addition to other grounds for invalidity" (ECF No. 29 ¶ 12, at 12), this allegation does not comprise the entirety of their invalidity counterclaim.

patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 132" and "pled no facts to support its claim for relief"). Assuming the truth of Defendants' factual allegations, the '693 Patent would be invalid under §§ 102 and 103. Accordingly, the court denies the Motion to Dismiss on these grounds.

### III. Relevance of Disclosures Required Under Local Patent Rules

Defendants also raise the unopposed argument that they "have already identified relevant prior art in their Initial Disclosure and provided copies of such prior art with those Disclosures" to Plaintiff, as required by Utah's Local Patent Rules. ECF No. 31 at 3. Disclosures in compliance with local patent rules cannot lower the pleading standard established by *Iqbal* and *Twombly*.[4] *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 904 (E.D. Pa. 2011) (stating that local patent rules "could not modify a defendant's pleading standard for counterclaims under the national rules" and that using local patent rules to "alter a defendant's pleading obligations . . . offends the trans-substantive character of federal procedure" (citations omitted)); *see also Holotouch, Inc. v. Microsoft Corp.*, No. 17 Civ. 8717, 2018 WL 2290701, at *3 (S.D.N.Y. May 18, 2018) (unpublished) (observing that local patent rules "are intended to streamline and standardize the administration of patent cases," but not "abrogate Federal Rules of Civil Procedure or cases of the Supreme Court" (citations omitted)).

Still, the court considers these disclosures in light of an already sufficiently pleaded invalidity counterclaim and finds that they further support denying Plaintiff's Motion to Dismiss.

---

[4] Defendants aver that jurisdictions with local patent rules calling for invalidity disclosures "require little more than alleging the statutory provision(s) upon which the invalidity claim rests because requiring more would undermine the patent rules." ECF No. 31 at 6. However, all of Defendants' supporting case law is inapposite because it was decided several years prior to the December 2015 abrogation of Rule 84 and Form 18.

*See Tannerite*, 2016 WL 1737740, at *8–9 (denying motion to dismiss defendant's patent invalidity counterclaim when defendant identified prior art and "provided to plaintiffs a lengthy list of invalidity contentions and analysis pursuant to the mutually agreed-upon Patent Local Rules"); s*ee also Gracenote, Inc. v. Sorenson Media, Inc.*, No 2:16-cv-950, 2017 WL 2116173, at *3 (D. Utah May 15, 2017) (unpublished) (denying motion to dismiss plaintiff's patent infringement claim when plaintiff "pled sufficient facts to make infringement plausible under *Iqbal*/*Twombly*," and "provision [was] made under . . . the Local Patent Rules for [defendants] to promptly receive any additional information"). *Contra Summers Mfg.*, 300 F. Supp. 3d at 1037–38, 1042 (dismissing invalidity counterclaims under *Iqbal* and *Twombly* when the district did not have "any local patent rules regarding discovery or contentions," and the defendant merely alleged that the patents failed to satisfy the requirements of §§ 102 and 103 and were invalid in view of one patent identified as prior art).

## CONCLUSION AND ORDER

For the foregoing reasons, the court finds that Defendants have sufficiently pleaded a patent invalidity counterclaim. Accordingly, the court hereby DENIES Plaintiff's Motion to Dismiss (ECF No. 30).

DATED March 5, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

11